Rory T. Kay (NSBN 12416)
John A. Fortin (NSBN 15221)
McDONALD CARANO LLP
2300 West Sahara Avenue, Suite 1200
Las Vegas, Nevada 89102
Telephone: (702) 873-4100
rkay@mcdonaldcarano.com
jfortin@mcdonaldcarano.com

*Attorneys for Defendants Frank Petosa,
Ryan Hogan, and Michael Woodside*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| MELISSA HUTCHISON aka PHOENIX MARIE, an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>ETHICAL CAPITAL PARTNERS, a foreign entity; AYLO PREMIUM LTD., a foreign corporation; DM PRODUCTIONS, a foreign entity; DIGITAL PLAYGROUND, a foreign entity; MIND GEEK USA INCORPORATED, a foreign entity; MG PREMIUM LTD, a foreign entity; DM PRODUCTIONS, a foreign entity; DIGITAL PLAYGROUND, a foreign entity; DANNY MARTIN aka DANNY D, an individual; FRANK PETOSA an individual; RYAN HOGAN, an individual; MICHAEL WOODSIDE, an individual; and DOES 1 through 50,<br><br>Defendants. | Case No.:<br><br>**NOTICE OF REMOVAL TO FEDERAL COURT BY DEFENDANTS FRANK PETOSA, RYAN HOGAN, AND MICHAEL WOODSIDE** |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEVADA AND TO PLAINTIFF MELISSA HUTCHISON AKA PHOENIX MARIE AND HER ATTORNEYS OF RECORD:**

///

///

1    PLEASE TAKE NOTICE THAT, on this date, based on the allegations of the Complaint of Plaintiff Melissa Hutchison aka Phoenix Marie ("Plaintiff"), Defendants Frank Petosa, Ryan Hogan, and Michael Woodside (collectively, the "Removing Defendants") hereby remove the above-entitled action from the Eighth Judicial District Court, Clark County, Nevada pursuant to 28 U.S.C. §§ 1332, 1441(a) and 1446, on the grounds of diversity jurisdiction. The removal of this action terminates all proceedings in the Eighth Judicial District Court, Clark County, Nevada. *See* 28 U.S.C. § 1446(d). The Removing Defendants' removal of this action is proper for the reasons set forth below.

## PROCEDURAL HISTORY AND PLAINTIFF'S ALLEGATIONS

1. Plaintiff electronically filed her Complaint ("Complaint") on February 15, 2024, in the Eighth Judicial District Court, Clark County, Nevada, Case No. A-24-887250-C (Department 13) ("State Court Action").

2. According to the Complaint, Plaintiff is an adult performer also known as Phoenix Marie. She alleges that she entered into an agreement to work with adult entertainment companies, including Defendant Aylo Premium, Ltd. The agreement at issue contains a Cyprus choice of law and venue provision. Plaintiff's allegations stem from an adult film shoot that took place entirely in Barcelona, Spain on October 24, 2023. Plaintiff, who claims that she is also a medical professional, alleges she provided various pills to another adult actor, professionally known as Zaawaadi, in preparation of an adult scene. Zaawaadi suffered from lithium poisoning during the shoot and was hospitalized in Spain. Plaintiff alleges that after Zaawaadi was sent to the hospital, Plaintiff was pressured to continue filming the scene. She claims that she was wrongly blamed for the incident and subsequently defamed in the industry.

3. Based upon these allegations, Plaintiff alleges in her Complaint claims for: (1) breach of contract; (2) breach of the duty of good faith and fair dealing; (3) sexual battery; (4) battery; (5) intentional interference with contractual relations; (6) intentional interference with prospective economic advantage; (7) intentional infliction of emotional distress; (8) defamation per se; and (9) civil conspiracy. Plaintiff seeks, inter alia, general and special damages in the amount

///

of over $10 million and for punitive damages in an amount of over $20 million. Complaint, Request for Relief, p. 20.

    4.    <u>Copies of All Processes, Pleadings and Orders</u>. Pursuant to 28 U.S.C. § 1446(a), copies of the remaining process, pleadings, orders, and other papers and/or exhibits of every kind are attached to the concurrently filed Declaration of Rory T. Kay, dated April 5, 2024, ("Kay Decl.") as follows:

- **Exhibit A**: Complaint in the action pending in District Court, Clark County, Nevada filed by Plaintiff on February 15, 2024;
- **Exhibit B**: Initial Appearance and Fee Disclosure in the action pending in District Court, Clark County, Nevada filed by Plaintiff on February 15, 2024;
- **Exhibit C:** Peremptory Challenge filed by Plaintiff in the State Court Action on February 26, 2024; and
- **Exhibit D:** Notice of Department Reassignment filed by the Clerk of the Court in the State Court Action on February 27, 2024

    5.    The Removing Defendants have not been served with the Summons and/or Complaint in the State Court Action. *See* Kay Decl., ¶ 3. Based on due diligence, no other named defendants and no "Doe" defendants have been served with the Summons and/or Complaint in the State Court Action. *See id.* ¶ 4. The fictitious defendants named as Does 1 through 20 are disregarded for purposes of removal, in accordance with 28 U.S.C. § 1441(b)(1). Accordingly, this action may be removed by the Removing Defendants to Federal Court pursuant to 28 U.S.C. §§ 1441(a) and 1446(b)(2).

**JURISDICTION IS PROPER**

    6.    This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because the parties have complete diversity of citizenship and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

    7.    Complete diversity of citizen exists between the parties.

///

///

8. <u>Citizenship of Plaintiff</u>. As alleged in the Complaint, and to the Removing Defendants' knowledge at the time of the filing of the Complaint and as of the date of the filing of this Notice of Removal, Plaintiff was and is an individual and domiciliary of Clark County, Nevada.

9. <u>Citizenship of Defendant Ethical Capital Partners</u>. Defendant Ethical Capital Partners is incorrectly named in the Complaint.  Its correct name is Ethical Capital Partners Ltd., and it is a business company incorporated and existing in the British Virgin Islands with its principal place of business at 2nd Floor Water's Edge Building, Wickham's Cay II, Road Town, Tortola, VG1110, British Virgin Islands. Plaintiff alleges that Ethical Capital Partners is a "foreign corporation." *See* Complaint ¶ 2; *see also* Caption ("Ethical Capital Partners, a foreign entity").

10. <u>Citizenship of Defendant Aylo Premium Ltd.</u> Defendant Aylo Premium Ltd. is incorrectly named in the Complaint. Its correct name is Aylo Premium Ltd.  Aylo Premium Ltd is a foreign private company organized under the laws of the Republic of Cyprus, with its principal place of business in Cyprus. Plaintiff alleges that Aylo Premium Ltd. is a "foreign corporation." Complaint ¶ 3; *see also* Caption ("Aylo Premium Ltd., a foreign corporation").

11. <u>Citizenship of Defendant MindGeek USA Incorporated</u>. Defendant MindGeek USA Incorporated is a Delaware corporation, with its principal place of business located in 21800 Oxnard Street, Ste. 150, Woodland Hills, CA 91367. Plaintiff alleges that MindGeek USA Incorporated is "a corporation organized and existing in the State of Delaware."  *See* Complaint ¶ 4; *see also* Caption ("MindGeek USA Incorporated, a foreign entity.").

12. <u>Citizenship of Defendant MG Premium Ltd., d/b/a Brazzers</u>. Defendant MG Premium Ltd., d/b/a Brazzers is incorrectly named in the Complaint. Its correct name is MG Premium Ltd, d/b/a/ Brazzers. It is a private company organized under the laws of the Republic of Cyprus with its principal place of business in Cyprus. *See also* Caption (MG Premium Ltd., a foreign entity").

13. <u>Citizenship of Defendant DM Productions</u>. Defendant DM Productions is incorrectly named in the Complaint. Its correct name is DM Media Productions, Ltd. DM Media Productions, Ltd. is a foreign entity incorporated under the laws of the United Kingdom with its

///

principal place of business at 1 Barling Close, Chatham, Kent ME5 9RL, England. *See also* Caption ("DM Productions, a foreign entity").

14. <u>Citizenship of Defendant Digital Playground</u>. Defendant MG Premium Ltd., d/b/a Brazzers does business under the name "Digital Playground," but there is no separate entity known as "Digital Playground." For the purposes of diversity jurisdiction, Defendant Digital Playground has the same citizenship as Defendant MG Premium Ltd. *See supra*, ¶ 12; *see also* Caption ("Digital Playground, a foreign entity").

15. <u>Citizenship of Defendant Frank Petosa</u>. Defendant Frank Petosa is an individual domiciled in Quebec, Canada. *See* Complaint ¶ 8.

16. <u>Citizenship of Defendant Ryan Hogan</u>. Defendant Ryan Hogan is an individual domiciled in Quebec, Canada. *See* Complaint ¶ 9.

17. <u>Citizenship of Defendant Michael Woodside</u>. Defendant Michael Woodside is an individual domiciled in Quebec, Canada. *See* Complaint ¶ 10.

18. <u>Citizenship of Defendant Danny Martin</u>. Defendant Danny Martin aka Danny D is an individual domiciled in London, England. *See* Complaint ¶ 11.

19. <u>Citizenship of the "Doe Defendants</u>." The citizenship of unknown and fictitiously named "Doe" defendants is disregarded for the purposes of evaluating diversity jurisdiction. *See* 28 U.S.C. § 1441(b)(1); *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987) (holding that district court properly disregarded the presence of unidentified "Doe" defendants when evaluating diversity jurisdiction). The consent of the fictitious "Doe" defendants is not required because they have not yet been served. *See* 28 U.S.C. § 1446(b)(2)(A) (requiring only the consent of all defendants that have been "properly joined and served").

20. <u>Amount in Controversy</u>. The amount in controversy must exceed $75,000, exclusive of interest and costs, for the Court to have diversity jurisdiction under 28 U.S.C. § 1332. When measuring the amount of controversy, courts must consider all recoverable damages, including damages for emotional distress, punitive damages, and attorneys' fees authorized by statute or contract. *See Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005). The amount in controversy is not a projection of liability, but the amount "at stake" in the litigation. *Chavez v.*

*JPMorgan Chase*, 888 F.3d 413, 418 (9th Cir. 2018). Without admitting the validity of Plaintiff's claim for relief, which are denied by the Removing Defendants entirely, the amount in controversy exceeds $75,000.00, exclusive of interest and costs. Plaintiff seeks, inter alia, general and special damages in the amount of over $10 million and for punitive damages in an amount of over $20 million. Complaint, Request for Relief, p. 20.

21. Accordingly, complete diversity of citizenship exists for purposes of 28 U.S.C. § 1332. This Court thus has original jurisdiction under 28 U.S.C. § 1332, and the case is properly removable to this Court based on diversity jurisdiction.

## THE PROCEDURAL REQUIREMENTS FOR REMOVAL HAVE BEEN SATISFIED

22. Removal to this Court is proper under 28 U.S.C. § 1441 because the Complaint was filed in the Eighth Judicial District Court, Clark County, Nevada, and this United States District Court for District of Nevada is the United States District Court for the district and division within which this action is pending. *See* 28 U.S.C. § 84(c); § 1441(a).

23. The Removing Defendants have not been served. Upon information and belief, and based on due diligence, the Removing Defendants believe none of the other defendants in this case have been served. All other defendants consent to removal.

24. After filing this Notice of Removal, the Removing Defendants will promptly serve written notice of this Notice of Removal on counsel for all adverse parties and file the same with the Clerk of the Eighth Judicial District Court, Clark County, Nevada in accordance with 28 U.S.C. § 1446(d).

## NON-WAIVER OF DEFENSES

25. By removing this action from the Eighth Judicial District Court, Clark County, Nevada, the Removing Defendants do not waive any defenses available to it.

26. By removing this action from the Eighth Judicial District Court, Clark County, Nevada, the Removing Defendants do not admit any of the allegations in Plaintiff's Complaint.

///

///

1   WHEREFORE, the Removing Defendants remove the above-captioned action from the
2   Eighth Judicial District Court, Clark County, Nevada to the United States District Court for the
3   District of Nevada.
4   Dated this 5th day of April 2024.

McDONALD CARANO LLP

By: /s/ *Rory T. Kay*
    Rory T. Kay (NSBN 12416)
    John A. Fortin (NSBN 15221)
    2300 West Sahara Avenue, Suite 1200
    Las Vegas, Nevada 89102
    rkay@mcdonaldcarano.com
    jfortin@mcdonaldcarano.com

*Attorneys for Frank Petosa, Ryan Hogan, and Michael Woodside*

**CERTIFICATE OF SERVICE**

I hereby certify that on April 5, 2024, a copy of the foregoing **NOTICE OF REMOVAL TO FEDERAL COURT BY DEFENDANTS FRANK PETOSA, RYAN HOGAN, AND MICHAEL WOODSIDE** was filed electronically through the Court's CM/ECF system, which causes service upon all counsel registered thereon.

/s/ *CaraMia Gerard*
An employee of McDonald Carano LLP