Rory T. Kay (NSBN 12416)
John A. Fortin (NSBN 15221)
McDONALD CARANO LLP
2300 West Sahara Avenue, Suite 1200
Las Vegas, Nevada 89102
Telephone: (702) 873-4100
rkay@mcdonaldcarano.com
jfortin@mcdonaldcarano.com

*Attorneys for Defendants Frank Petosa,
Ryan Hogan, and Michael Woodside*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| MELISSA HUTCHISON aka PHOENIX MARIE, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>ETHICAL CAPITAL PARTNERS, a foreign entity; AYLO PREMIUM LTD., a foreign corporation; DM PRODUCTIONS, a foreign entity; DIGITAL PLAYGROUND, a foreign entity; MIND GEEK USA INCORPORATED, a foreign entity; MG PREMIUM LTD, a foreign entity; DM PRODUCTIONS, a foreign entity; DIGITAL PLAYGROUND, a foreign entity; DANNY MARTIN aka DANNY D, an individual; FRANK PETOSA an individual; RYAN HOGAN, an individual; MICHAEL WOODSIDE, an individual; and DOES 1 through 50,<br><br>Defendants. | Case No.: 2:24-cv-00673-GMN-BNW<br><br>**STATEMENT REGARDING REMOVAL** |

Under the Court's Minute Order in Chambers (ECF No. 4), Defendants Frank Petosa, Ryan Hogan, and Michael Woodside (collectively, the "Removing Defendants") state as follows:

**1.     The date on which you were served with a copy of the Complaint.**

ANSWER:  The Removing Defendants have not been served with a copy of the Complaint.

**2.     The date on which you were served with a copy of the Summons.**

ANSWER:  The Removing Defendants have not been served with a copy of the Summons.

**3.     In removals based on diversity jurisdiction, the names of any served defendants who are citizens of Nevada, the citizenship of the other parties and a summary of defendant's evidence of the amount in controversy:**

ANSWER:

a.     <u>Citizenship of Plaintiff</u>.  As alleged in the Complaint, and to the Removing Defendants' knowledge at the time of the filing of the Complaint and as of the date of the filing of this Statement Regarding Removal, Plaintiff Melissa Hutchison aka Phoenix Marie ("Plaintiff") was and is an individual and domiciliary of Clark County, Nevada.

b.     <u>Citizenship of Defendant Ethical Capital Partners</u>.  Defendant Ethical Capital Partners is incorrectly named in the Complaint.  Its correct name is Ethical Capital Partners Ltd., and it is a business company incorporated and existing in the British Virgin Islands with its principal place of business at 2nd Floor Water's Edge Building, Wickham's Cay II, Road Town, Tortola, VG1110, British Virgin Islands. Plaintiff alleges that Ethical Capital Partners is a "foreign corporation." *See* Complaint ¶ 2; *see also* Caption ("Ethical Capital Partners, a foreign entity").

c.     <u>Citizenship of Defendant Aylo Premium Ltd</u>.  Defendant Aylo Premium Ltd. is incorrectly named in the Complaint.  Its correct name is Aylo Premium Ltd.  Aylo Premium Ltd is a foreign private company organized under the laws of the Republic of Cyprus, with its principal place of business in Cyprus. Plaintiff alleges that Aylo Premium Ltd. is a "foreign corporation." *See* Complaint ¶ 3; *see also* Caption ("Aylo Premium Ltd., a foreign corporation").

d.     <u>Citizenship of Defendant MindGeek USA Incorporated</u>.  Defendant MindGeek USA Incorporated is a Delaware corporation, with its principal place of business located in 21800 Oxnard Street, Ste. 150, Woodland Hills, CA 91367. Plaintiff alleges that MindGeek USA Incorporated is "a corporation organized and existing in the State of Delaware." *See* Complaint ¶ 4; *see also* Caption ("MindGeek USA Incorporated, a foreign entity.").

e.     <u>Citizenship of Defendant MG Premium Ltd., d/b/a Brazzers</u>.  Defendant MG Premium Ltd., d/b/a Brazzers is incorrectly named in the Complaint.  Its correct name is MG Premium Ltd, d/b/a/ Brazzers. It is a private company organized under the laws of the Republic of

///

Cyprus with its principal place of business in Cyprus. *See* Caption ("MG Premium Ltd, a foreign entity").

      f.    <u>Citizenship of Defendant DM Productions</u>. Defendant DM Productions is incorrectly named in the Complaint. Its correct name is DM Media Productions, Ltd. DM Media Productions, Ltd. is a foreign entity incorporated under the laws of the United Kingdom with its principal place of business at 1 Barling Close, Chatham, Kent ME5 9RL, England. *See* Caption ("DM Productions, a foreign entity").

      g.    <u>Citizenship of Defendant Digital Playground</u>. Defendant MG Premium Ltd., d/b/a Brazzers does business under the name "Digital Playground," but there is no separate entity known as "Digital Playground." For the purposes of diversity jurisdiction, Defendant Digital Playground has the same citizenship as Defendant MG Premium Ltd. *See supra*, ¶ 12; *see also* Caption ("Digital Playground, a foreign entity").

      h.    <u>Citizenship of Defendant Frank Petosa</u>. Defendant Frank Petosa is an individual domiciled in Quebec, Canada. *See* Complaint ¶ 8.

      i.    <u>Citizenship of Defendant Ryan Hogan</u>. Defendant Ryan Hogan is an individual domiciled in Quebec, Canada. *See* Complaint ¶ 9.

      j.    <u>Citizenship of Defendant Michael Woodside</u>. Defendant Michael Woodside is an individual domiciled in Quebec, Canada. *See* Complaint ¶ 10.

      k.    <u>Citizenship of Defendant Danny Martin</u>. Defendant Danny Martin aka Danny D is an individual domiciled in London, England. *See* Complaint ¶ 11.

      l.    <u>Citizenship of the "Doe Defendants."</u> The citizenship of unknown and fictitiously named "Doe" defendants is disregarded for the purposes of evaluating diversity jurisdiction. *See* 28 U.S.C. § 1441(b)(1); *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987) (holding that district court properly disregarded the presence of unidentified "Doe" defendants when evaluating diversity jurisdiction). The consent of the fictitious "Doe" defendants is not required because they have not yet been served. *See* 28 U.S.C. § 1446(b)(2)(A) (requiring only the consent of all defendants that have been "properly joined and served").

///

      m.      <u>Amount in Controversy</u>. The amount in controversy must exceed $75,000, exclusive of interest and costs, for the Court to have diversity jurisdiction under 28 U.S.C. § 1332. When measuring the amount of controversy, courts must consider all recoverable damages, including damages for emotional distress, punitive damages, and attorneys' fees authorized by statute or contract. *See Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005). The amount in controversy is not a projection of liability, but the amount "at stake" in the litigation. *Chavez v. JPMorgan Chase*, 888 F.3d 413, 418 (9th Cir. 2018). Without admitting the validity of Plaintiff's claims for relief, which are denied by the Removing Defendants entirely, the amount in controversy exceeds $75,000.00, exclusive of interest and costs. Plaintiff seeks, *inter alia*, general and special damages in the amount of over $10 million and for punitive damages in an amount of over $20 million. Complaint, Request for Relief, p. 20.

**4.**    **If your notice of removal was filed more than thirty (30) days after you first received a copy of the summons and complaint, the reason removal has taken place at this time and the date you first received a paper identifying the basis for removal.**

<u>ANSWER</u>: The Removing Defendants have not been served with a copy of the Summons and Complaint.

**5.**    **In actions removed on the basis of the court's jurisdiction in which the actions in state court was commenced more than one year before the date of removal, the reasons this action should not summarily be remanded to the state court.**

<u>ANSWER</u>: The Removing Defendants removed the case less than one year after Plaintiff filed her Complaint, which occurred on February 15, 2024.

**6.**    **The name(s) of any defendant(s) known to have been served before you filed the notice of removal who did not formerly join in the notice of removal and the reasons they did not.**

///

///

///

///

<u>ANSWER</u>: The Removing Defendants are unaware of any defendants who have been served with a copy of the Summons and Complaint.

Dated this 23rd day of April, 2024.

                McDONALD CARANO LLP

                By:  /s/ *Rory T. Kay*
                     Rory T. Kay (NSBN 12416)
                     John A. Fortin (NSBN 15221)
                     2300 West Sahara Avenue, Suite 1200
                     Las Vegas, Nevada 89102
                     rkay@mcdonaldcarano.com
                     jfortin@mcdonaldcarano.com

                     *Attorneys for Defendants Frank Petosa, Ryan Hogan, and Michael Woodside*

## CERTIFICATE OF SERVICE

I hereby certify that on April 23, 2024, a copy of the foregoing **STATEMENT REGARDING REMOVAL** was filed electronically through the Court's CM/ECF system, which causes service upon all counsel registered thereon.

          /s/ *CaraMia Gerard*
    An employee of McDonald Carano LLP