Rory T. Kay (NSBN 12416)
John A. Fortin (NSBN 15221)
McDONALD CARANO LLP
2300 West Sahara Avenue, Suite 1200
Las Vegas, Nevada 89102
Telephone: (702) 873-4100
rkay@mcdonaldcarano.com
jfortin@mcdonaldcarano.com

*Attorneys for Aylo Premium Ltd (formerly known as MG Premium Ltd, and doing business as Digital Playground)*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| MELISSA HUTCHISON aka PHOENIX MARIE, an individual,, <br><br> Plaintiff, <br><br> v. <br><br> ETHICAL CAPITAL PARTNERS, a foreign entity; AYLO PREMIUM LTD., a foreign corporation; DM PRODUCTIONS, a foreign entity; DIGITAL PLAYGROUND, a foreign entity; MIND GEEK USA INCORPORATED, a foreign entity; MG PREMIUM LTD, a foreign entity; DM PRODUCTIONS, a foreign entity; DIGITAL PLAYGROUND, a foreign entity; DANNY MARTIN aka DANNY D, an individual; FRANK PETOSA an individual; RYAN HOGAN, an individual; MICHAEL WOODSIDE, an individual; and DOES 1 through 50,, <br><br> Defendants. | Case No. 2:24-cv-00673-GMN-BNW <br><br> **MOTION TO SEAL AND REDACT DEFENDANT AYLO PREMIUM LTD'S EXHIBIT B TO ITS MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT** |

Defendant Aylo Premium Ltd, formerly known as MG Premium Ltd and doing business as Digital Playground ("Aylo") moves in this Court to filed under seal an unredacted copy of Exhibit B in Support of its Motion to Dismiss Plaintiff's First Amended Complaint. As this proceeding is in its nascency, a protective order has not been entered into between the Parties. However, Aylo believes

1  that good cause exists to keep the full contents of Exhibit B under seal until such time as the Parties
2  can meet and confer and negotiate a protective order.
3  Aylo asks for this relief in good faith and not for an improper purpose.
4  Dated this 23rd day of August, 2024.

McDONALD CARANO LLP

By: /s/ Rory T. Kay
    Rory T. Kay (NSBN 12416)
    John A. Fortin (NSBN 15221)
    2300 West Sahara Avenue, Suite 1200
    Las Vegas, Nevada 89102
    rkay@mcdonaldcarano.com
    jfortin@mcdonaldcarano.com

*Attorneys for Aylo Premium Ltd (formerly known as MG Premium Ltd, and doing business as Digital Playground)*

2

**MEMORANDUM OF POINTS AND AUTHORITIES**

The Ninth Circuit explained that "[t]wo standards generally govern motions to seal documents . . . [f]irst, a 'compelling reasons' standard applies to most judicial records." *Pintos v. Pacific Creditors Ass'n*, 605 F.3d 665, 677-78 (9th Cir. 2010) (quoting *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006)).  To limit this common law right of access, a party seeking to seal judicial records must show that "compelling reasons supported by specific factual findings . . . outweigh the general history of access and the public policies favoring disclosure." *Kamakana*, 447 F.3d at 1178-79.  "Second, a different standard applies to 'private materials unearthed during discovery,' as such documents are not part of the judicial record" and is a "good cause" standard under Rule 26(c).  *Pintos*, 605 F.3d at 678 (quoting *Kamakana*, 447 F.3d at 1180)).

At this nascent stage of the litigation and because the document requiring sealing and redacting at issue is a pleading, the good cause, Fed. R. Civ. P. 26 standard applies.  "[F]or purposes of Rule 26(c)" the Ninth Circuit looks to "whether 'good cause' exists to protect th[e] information from being disclosed to the public by balancing the needs for discovery against the needs for confidentiality.'" *Pintos*, 605 F.3d at 678 (quoting *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1213 (9th Cir. 2002).  This is "a lower burden" than the "'compelling reasons' standard." *Id*.  "The cognizable public interest in judicial records that underlies the 'compelling reasons' standard does not exist for documents produced between private litigants." *Pintos*, 605 F.3d at 678.  The burden lies with the non-designating Party and challenger of a confidentiality burden at the pleading or discovery stage to overcome the good cause standard to remove a confidentiality designation or unseal a document.  *See Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003) ("Our holding in *Phillips* was expressly limited to the status of materials filed under seal when attached to a **non-dispositive** motion." (emphasis in original)); *see also Pintos*, 605 F.3d at 677-78 (detailing the differences between non-dispositive and dispositive motions for what a "judicial record" is).

Aylo introduces the Performer Services Agreement as Exhibit B.  However, there are contents of the agreement that includes Plaintiff personally identifiable information which good cause exists to redact from the public record.  *See Pintos*, 605 F.3d at 678.  Additionally, the Performer Services Agreement likewise includes sensitive business operations and potential trade secrets related to the

1 Aylo's operation. *See id*. However, and pertinent to the Motion, the forum selection clause is not
2 confidential and good cause does not exist to file that portion under seal. *Cf. id*. Thus, Aylo represents
3 that there is "good cause" to maintain the confidentiality of the redacted portions Exhibit B if and until
4 the Parties enter into a protective order.

     Aylo asks for this relief in good faith and not for an improper purpose.

     Dated this 23rd day of August, 2024.

                      McDONALD CARANO LLP

                      By: /s/ *Rory T. Kay*
                          Rory T. Kay (NSBN 12416)
                          John A. Fortin (NSBN 15221)
                          2300 West Sahara Avenue, Suite 1200
                          Las Vegas, Nevada 89102
                          rkay@mcdonaldcarano.com
                          jfortin@mcdonaldcarano.com

                          *Attorneys for Aylo Premium Ltd (formerly known as MG Premium Ltd, and doing business as Digital Playground)*

4

# CERTIFICATE OF SERVICE

I hereby certify that on this 23rd day of August, 2024, a true and correct copy of **MOTION TO SEAL AND REDACT DEFENDANT AYLO PREMIUM LTD'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT** was served via the United States District Court CM/ECF system on all parties or persons requiring notice.

By: /s/ Leah Jennings
An employee of McDonald Carano LLP